IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**DEANNA MCCAY, No. 10486-003,**

Petitioner,

v.

**UNITED STATES OF AMERICA,**

Respondent.                                    No. 07-cr-40049-DRH

## MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

Pending before the Court is McCay's January 28, 2013 motion to suspend payments (Doc. 196). McCay requests this Court suspend her restitution payments until her release from prison due to economic hardship. Based on the following, the Court dismisses McCay's motion for lack of jurisdiction.

Once a district court enters final judgment, it lacks jurisdiction to continue to hear related issues, except to the extent authorized by statute or rule. *See Carlisle v. United States*, 517 U.S. 416 (1996). The following post-judgment motions are allowed if timely filed. Under Federal Rule of Criminal Procedure 35, revision is proper only within 7 days, unless the prosecutor files an appropriate motion or the court of appeals remands. Further, a Rule 33 motion for new trial based for new trial based on evidence must be brought within 3 years after the verdict and a Rule 33 motion for new trial based on other grounds must be

brought within 7 days after the verdict. Lastly, a collateral attack under 28 U.S.C. § 2255 has a 1 year statute of limitations.

Here, McCay does not cite any case law or statute which allows the Court to consider McCay's motion. Rule 35 is inapplicable because this motion is brought three and a half years after the sentencing and judgment (July 10, 2009); the motion does not appear to be brought to correct the sentence arithmetical, technical or other clear error, and the government has not filed a motion to reduce. Likewise, Rule 33 does not apply because the motion does not appear to be brought on newly discovered evidence and it was not filed within 7 days of the verdict to be timely to be brought on other reasons.

Therefore, the only other possible procedural avenue that McCay could bring this motion is a § 2255 collateral attack. Based on the case law, the Court must treat a post-judgment motion as a collateral attack if it meets the description of § 2255. *See Romandine v. United States*, 206 F.3d 731 (7th Cir. 2000). After reviewing the pleading, it is not clear to the Court that McCay intends to pursue a collateral attack.[1] However, petitioner should take care to note the Court has not undertaken an analysis of the merits of the case as a § 2255 petition. If petitioner pursues such an avenue, she will incur a filing fee and if the case is dismissed, will still be responsible for paying that entire fee. Furthermore, if she has already

---

[1] In the event McCay wishes to file a collateral attack pursuant to 28 U.S.C. §2255, the Court advises McCay to consult 28 U.S.C. § 2255, the Federal Rules of Criminal Procedure, and the Court's Local Rules on how to properly file such a petition.

filed one such petition, she must seek the permission of the 7th Circuit to file a successive petition.

Because the Court finds that McCay's motion does not fall under any of the exceptions authorized by statute or rule, the Court lacks jurisdiction to entertain the motion.

Accordingly, the Court dismisses for want of jurisdiction McCay's January 28, 2013 motion to suspend payments for restitution (Doc. 196).

**IT IS SO ORDERED.**

Signed this 11th day of February, 2013.

Digitally signed by David R. Herndon
Date: 2013.02.11 12:37:15 -06'00'

**Chief Judge**
**United States District Court**